945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis Reed GRENEMYER, Plaintiff-Appellant,
v.
Roy ROMER, Governor of Colorado, Frank Gunter, Director,
Department of Corrections, Ray Enright, Director,
Board of Parole of the State of
Colorado, Defendants-Appellees.
 No. 91-1243.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 Appellant Dennis Reed Grenemyer, a prisoner in the State of Colorado Department of Corrections, brought this action claiming monetary damages under 42 U.S.C. § 1983 stemming from parole denial.[1] In its final order, Grenemyer v. Romer, No. 90-B-2072 (D.C.Colo. June 28, 1991), the district court first dismissed all claims for which the requested relief was release or reduction in sentence served, reasoning that such claims may only be pursued through a habeas corpus action. Id. at 3. Turning to appellant's claims for monetary damages under § 1983, the district court examined each named defendant's capacity to be sued in this action, including those appellant proposed to add to the action by means of amendment to his complaint. The district court concluded that those on the state parole board are absolutely immune from suit under Colorado law, id. at 4, that those who are officers of the state acting in their official capacity are not "persons" for purposes of a § 1983 action pursuant to statute as interpreted by several courts, id. at 4-5, that appellant did not allege facts sufficient to link officers of the state in their individual capacities with the alleged unconstitutional conduct, id. at 5, and that the mental health officer at the state prison housing appellant had not abridged appellant's constitutional rights. Id. at 6. As a result of this analysis, the district court denied appellant's motion to amend his complaint to name additional defendants and dismissed the requests for release and the § 1983 claims in the original complaint. Id. at 7. This appeal followed.
 
 
 2
 There are two aspects to this case. One involves appellant's claims that his sentence was incorrectly computed and that he was incorrectly denied parole. Because these claims are claims for release or shortened sentence, they are appropriate only in a habeas action, and the district court correctly dismissed them as inappropriate for a civil action for monetary damages. Preiser v. Rodriguez, 411 U.S. 475, 500 (1975).[2]
 
 
 3
 The second factor to this case is appellant's claim for money damages under § 1983. These claims are appropriate for our review. As a result, we have studied appellant's pro se filings on appeal, reviewed the initial and supplemental legal authority he cited, read the entire district court record, and reviewed the legal authority upon which the district court based its decision. After consideration of each issue raised by appellant, we conclude that the district court was correct in its analysis.
 
 
 4
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Appellant filed a petition for writ of habeas corpus with the district court, which was dismissed for lack of exhaustion of administrative remedies. Grenemyer v. Gunter, No. 90-B-1296 (D.C.Colo. Oct. 30, 1990). The district court's decision was affirmed by this court in Grenemyer v. Gunter, No. 90-1332 (10th Cir. Apr. 8, 1991)